1   DREIER STEIN KAHAN BROWNE WOODS
    GEORGE LLP
2   Yakub Hazzard (No. 150242)
    yhazzard@dreierstein.com
3   Brooke H. Eisenhart (No. 229299)
    beisenhart@dreierstein.com
4   The Water Garden
    1620 26th Street
5   Sixth Floor, North Tower
    Santa Monica, CA 90404
6   Telephone:  310 828 9050
    Facsimile:   310 828 9101
7   Attorneys for Defendant PEPSICO, INC.

8   COVINGTON & BURLING LLP
    Simon J. Frankel (No. 171552)
9   sfrankel@cov.com
    Erin C. Smith (No. 234852)
10  esmith@cov.com
    One Front Street, 35th Floor
11  San Francisco, CA 94111
    Telephone:  415 591-6000
12  Facsimile:   415 591-6091
    Attorneys for Defendant/Counterclaimant
13  YAHOO!, INC.

14  LAW OFFICES OF ALAN G. DOWLING
    Alan G. Dowling (No. 070686)
15  agdowling@aol.Com
    22300 Hackney Street
16  West Hills, CA 91304
    Telephone:  818 679-6395
17  Facsimile:   818 737-1888
    Attorneys for Plaintiff/Counterdefendant George
18  Saadi

**NOTE CHANGES MADE BY THE COURT**

19              UNITED STATES DISTRICT COURT

20              CENTRAL DISTRICT OF CALIFORNIA

21  GEORGE SAADI,                    CASE NO. CV-07-3384 GPS (CTx)

22          Plaintiff,               [Hon. George P. Schiavelli]

23      vs.                          ~~[PROPOSED]~~ **PROTECTIVE
                                     ORDER RE CONFIDENTIAL
24  YAHOO!, INC., a Delaware         INFORMATION**
    corporation; PEPSICO, INC., a
25  North Carolina corporation; and
    DOES 1-10, inclusive,
26
27          Defendants.

28  AND RELATED COUNTERCLAIM

DREIER STEIN
KAHAN
BROWNE
WOODS
GEORGE LLP

[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

## PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

The Court, having reviewed the Stipulation for Entry of Protective Order re Confidential Information, entered into and filed by Plaintiff/Counterdefendant George Saadi ("Plaintiff"), Defendant PepsiCo, Inc. ("Pepsi") and Defendant/Counterclaimant Yahoo!, Inc. ("Yahoo!"), pursuant to Fed. R. Civ. P. 26(c)(1)(G) and 29, being familiar with the files and record of this action, and on the basis of the foregoing having determined that good cause exists why this Protective Order re Confidential Information should issue, as stipulated to by the parties, hereby orders that discovery in this case of confidential information shall be had on the following terms and conditions:

1.   **DEFINITIONS**

1.1   As used herein, the term "Confidential Information" means the following documents (including summaries, compilations, quotes, or paraphrases thereof) where such documents contain information that has not been made generally available to the public and the disclosure of which the disclosing party believes would cause serious harm to the disclosing party's business operations or interests:  confidential business agreements; customer lists; customer data; business and marketing plans; confidential correspondence and other communications concerning business and marketing plans; marketing surveys; manufacturing, product development, and business development strategies; costs of goods or services sold; manufacturing or other costs of doing business; employee salaries; financial performance data; sales records; inventory sheets; corporate income tax returns and related tax accounting documents and schedules;  and corporate and/or personal bank account information and documents.  For purposes of this definition, information is not generally available to the public if it has not been disclosed to a person other than the party or its employees without a requirement (contractual or otherwise) that the person maintain the confidentiality of the information.  As further explained in paragraph 11 below, good cause exists to

2

[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

1    maintain the confidentiality of confidential business agreements, customer lists,
2    customer data, business and marketing plans, confidential correspondence and other
3    communications concerning business and marketing plans, marketing surveys, and
4    manufacturing, product development, and business development strategies because
5    if such documents are not protected from disclosure, the disclosing party's
6    competitors may gain access to information bearing on the disclosing party's
7    confidential business strategies, giving such competitors a competitive advantage
8    and resulting in material prejudice to the disclosing party.  Good cause exists to
9    maintain the confidentiality of costs of goods or services sold, manufacturing or
10   other costs of doing business, employee salaries, financial performance data, sales
11   records, inventory sheets, corporate income tax returns and related tax accounting
12   documents and schedules,  and corporate and/or personal bank account information
13   and documents because if such documents are not protected from disclosure, the
14   disclosing party's competitors may gain access to information bearing on the
15   disclosing party's financial status and strategies, giving such competitors a
16   competitive advantage and resulting in material prejudice to the disclosing party.

17       1.2    As used herein, the term "Highly Confidential Information" means
18   information of the same type as Confidential Information, but which is extremely
19   sensitive confidential information whose disclosure to another party or non-party
20   would create a substantial risk of serious injury that could not be avoided by less
21   restrictive means, such as financial data, material implicating personal privacy
22   concerns, or other highly confidential business information.

23       1.3    As used herein, the terms "document," "documents," "tangible things,"
24   "recordings," and "photographs" mean documents, writings, tangible things,
25   recordings, and photographs as defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid.
26   1001, and include, but are not limited to, records, exhibits, reports, samples,
27   transcripts, video or audio recordings, disks, affidavits, briefs (including but not
28   limited to memoranda of points and authorities), summaries, notes, abstracts,

DREIER STEIN
KAHAN
BROWNE
WOODS
GEORGE LLP
                                    [PROPOSED] PROTECTIVE ORDER RE
                                    CONFIDENTIAL INFORMATION

1    drawings, company records and reports, answers to interrogatories, responses to

2    requests for admissions, and motions, including copies or computer-stored versions

3    of any of the foregoing.

4    **2.    DESIGNATION OF CONFIDENTIAL INFORMATION**

5        2.1    This Protective Order applies to all discovery responses, documents,

6    testimony, and other materials containing Confidential Information or Highly

7    Confidential Information disclosed in this action that are designated by a party as

8    CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY,

9    whether such disclosure is by order of the Court or by response to questions in a

10   deposition, written interrogatories, requests for the production of documents and

11   other tangible things, requests for admission, Rule 45 subpoenas to third parties, or

12   any other discovery undertaken in this action.

13       2.2    Any party making Federal Rule of Civil Procedure Rule 26 disclosures

14   or responding to discovery in this action may protect information he, she or it in

15   good faith believes constitutes his, her or its Confidential Information or Highly

16   Confidential Information by designating such  information as CONFIDENTIAL or

17   HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY prior to or at the time

18   of disclosure of such information.  In the case of documents, such designation shall

19   be accomplished by placing the notation CONFIDENTIAL or HIGHLY

20   CONFIDENTIAL—ATTORNEYS' EYES ONLY on every page of each document

21   or portion thereof so designated.  In the case of confidential information disclosed

22   in a non-paper medium (e.g. videotape, audiotape, computer disks, etc.), the

23   notation CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

24   ONLY shall be affixed to the outside of the medium or its container so as to clearly

25   give notice of the designation.   Such designation is deemed to apply to the

26   document itself and to the Confidential Information or Highly Confidential

27   Information contained therein.    In case of answers to interrogatories, the

28   designation shall be made by stating at the conclusion of each such answer that

DREIER STEIN
KAHAN
BROWNE
WOODS
GEORGE LLP

1   such answer or any part thereof is designated CONFIDENTIAL or HIGHLY

2   CONFIDENTIAL—ATTORNEYS' EYES ONLY.    In addition, the legend

3   CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

4   shall be placed on the first page of any set of interrogatory answers containing

5   Confidential Information or Highly Confidential Information.

6       2.3    Any party may designate, or counterdesignate with a higher

7   designation, information produced by any other party or non-party that contains or

8   is derived from the designating party's own protected material.

9       2.4    Confidential Information and Highly Confidential Information so

10  designated shall be used only for the purposes of this litigation and may not be used

11  by any party to whom or which that information is produced or disclosed for

12  research, development, sales, marketing, publicity, or competitive purposes, or any

13  other purpose.  Confidential Information and Highly Confidential Information so

14  designated shall not be disclosed to anyone other than those persons identified in

15  Paragraphs 4.3 and 4.4, infra, respectively, except as may be ordered by the Court

16  or agreed to in writing by the parties.  If any information designated by a party as

17  Confidential or Highly Confidential is thereafter used by a party to whom or which

18  it has been produced or disclosed as part of a paper filed or lodged with the Court in

19  this action or in a response to a discovery request in this action, the party using that

20  information shall take all reasonable steps to preserve the continued confidentiality

21  of that designated information.    This includes maintaining the designation of

22  confidentiality in all places where that information is so used and requesting that

23  such information is filed or lodged with the Court under seal in accordance with the

24  procedures of C.D. Cal. Local Rule 79-5.1.

25      2.5    The parties shall use reasonable care to avoid designating any

26  materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS'

27  EYES ONLY that are:  (a) generally available to the public, or (b) are otherwise not

28  entitled to such designation.

[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

DREIER STEIN
KAHAN
BROWNE
WOODS
GEORGE LLP

**3.   DEPOSITIONS**

3.1   With respect to the examination of witnesses upon oral deposition, when designated Confidential Information or Highly Confidential Information is supplied to the witness, or when the witness's testimony contains, reflects, or comments on Confidential Information or Highly Confidential Information, the reporter and/or videotape operator shall be informed of this Protective Order by the party seeking to invoke its protection, and will be required to agree to be bound by its terms in accordance with Paragraph 4.6, infra.  Counsel for the parties then shall take appropriate steps to prevent any portions of any transcript or videotape designated CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY from being disclosed to any person, except as provided in this Protective Order.

3.2   Testimony at a deposition may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY if this Protective Order is invoked at the deposition by counsel for a party, or the deponent or witness, by identifying all protected testimony and specifying the portions of the testimony that qualify as Confidential Information or Highly Confidential Information.  In the alternative, the designating party also may, within thirty (30) days after receiving a copy of the transcript, provide all parties with a written list of the page(s) of the transcript, and any exhibits attached thereto, that the party designates CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY.  All information disclosed during the testimony shall be deemed CONFIDENTIAL until the expiration of that thirty (30) day period, whether or not any portion of the transcript has been so designated previously.   If such a designation is made, the original and each copy of the portions of the deposition transcript (including exhibits) shall be separately transcribed and the transcript of the confidential portions shall bear the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY on the cover page.

DREIER STEIN
KAHAN
BROWNE
WOODS
GEORGE LLP

6
[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

1  Notwithstanding this provision, within the 30-day period following a deposition, a
2  party is free to use deposition testimony that has not been designated as
3  Confidential or Highly Confidential in any manner otherwise permissible, including
4  filing with the court.

5        3.3    Each deponent or witness to whom any party or third party proposes to
6  disclose designated Confidential Information or Highly Confidential Information at
7  a deposition or other proceeding shall be given a copy of this Protective Order and
8  informed of its contents.  The parties shall take all reasonable steps to have such
9  witnesses sign the agreement attached hereto as EXHIBIT A and referenced herein
10  in Paragraphs 4.1 and 4.6, infra, entitled AGREEMENT TO COMPLY WITH
11  STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION
12  ("COMPLIANCE AGREEMENT").

13        3.4    Except to the extent of a conflict with the Federal Rules of Civil
14  Procedure, if designated Confidential Information or Highly Confidential
15  Information is to be discussed or disclosed in a deposition, any party claiming such
16  confidentiality may exclude from the room any person who is not entitled to receive
17  such information during that portion of the deposition in which the Confidential
18  Information or Highly Confidential Information is actually discussed or disclosed.

19  **4.**    **DISCLOSURE OF DESIGNATED CONFIDENTIAL INFORMATION**

20        4.1    The parties, counsel for the parties, and all persons who execute the
21  COMPLIANCE AGREEMENT shall maintain all designated Confidential
22  Information or Highly Confidential Information in confidence and shall not disclose
23  such information, directly or indirectly, to any person except as provided in this
24  Protective Order.

25        4.2    While the disclosure of information designated CONFIDENTIAL or
26  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY to persons not
27  authorized by this Protective Order could, by definition, be prejudicial to the
28  business, operations, or interests of the designating party, the CONFIDENTIAL

[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

DREIER STEIN
KAHAN
BROWNE
WOODS
GEORGE LLP

1  and HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY designations
2  should not be overused.

3      4.3    Except as set forth otherwise herein, information designated
4  "CONFIDENTIAL" shall be used only in connection with this action, shall not be
5  disclosed to any person other than the individuals set forth below, and may be
6  disclosed only as necessary in connection with this action to the following:

7      (a)    The Court referenced in the caption above and its
8  personnel;

9      (b)    Outside counsel and in-house counsel with responsibility
10  for this litigation (including staff persons employed by such counsel), and
11  employees, officers and directors of Yahoo! or Pepsi.

12      (c)    Any consultant, investigator, professional jury or trial
13  consultant, or expert (collectively, "Expert") who is assisting in the preparation for
14  and trial of this litigation, but only to the extent reasonably necessary to enable such
15  Expert to render such assistance.

16      (d)    A deponent, but only in connection with preparation for
17  and during the course of his or her deposition. Deponents may not be provided
18  with copies of any documents or other tangible items containing Confidential
19  Information for the deponents to keep for themselves, except for Confidential
20  Information already in the possession, custody or control of the deponent and
21  except to the extent Confidential Information is contained in or referred to in that
22  deponent's deposition transcript(s).

23      (e)    Outside photocopying, imaging, database, graphics, or
24  design services, videographers and court reporters retained by outside counsel for
25  any purpose, including without limitation preparing demonstrative or other exhibits
26  for deposition, trial, or other court proceedings in this case.

27      4.4    Information designated "HIGHLY CONFIDENTIAL—
28  ATTORNEYS' EYES ONLY" shall be used solely for the purpose of conducting

DREIER STEIN
KAHAN
BROWNE
WOODS
GEORGE LLP

8
[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

1    this litigation.    Any information designated as "HIGHLY CONFIDENTIAL—

2    ATTORNEYS' EYES ONLY," or any summary or abstract of such information,

3    may only be disclosed, directly or indirectly, to the following persons:

4                        (a)    The Court referenced in the caption above and its

5    personnel;

6                        (b)    Outside counsel and in-house counsel with responsibility

7    for this litigation (including staff persons employed by such counsel);

8                        (c)    Outside photocopying, imaging, database, graphics, or

9    design services, videographers and court reporters retained by outside counsel for

10    any purpose, including without limitation preparing demonstrative or other exhibits

11    for deposition, trial, or other court proceedings in this case;

12                        (d)    Experts or any person retained by counsel for any party to

13    assist in the preparation of this litigation so long as such Experts are not parties or

14    employed by parties and who execute a copy of this stipulation or a written

15    agreement to be bound by the terms of this stipulation and agree to submit to the

16    jurisdiction of this Court for the sole purpose of enforcing this stipulation.

17        4.5    If a party wishes to disclose CONFIDENTIAL or HIGHLY

18    CONFIDENTIAL—ATTORNEYS' EYES ONLY information to any person not

19    described above in paragraphs 4.3 and 4.4 of this Protective Order, respectively,

20    permission to disclose must be requested from the designating party in writing. If

21    the designating party objects to the proposed disclosure, such disclosure shall not

22    be made unless this Court orders otherwise.

23        4.6    Prior to obtaining access to CONFIDENTIAL or HIGHLY

24    CONFIDENTIAL—ATTORNEYS' EYES ONLY information, any person to

25    whom such information may be disclosed pursuant to paragraphs 4.3(b) (except

26    outside counsel and in-house counsel), 4.3(c), 4.3(d), and 4.4(d) shall be shown and

27    shall read a copy of this Protective Order and shall agree in writing to be bound by

28    its terms by signing a copy of the COMPLIANCE AGREEMENT annexed hereto

9
[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

1  as Exhibit A.   Counsel for the party obtaining a person's signature on the
2  COMPLIANCE AGREEMENT shall retain the original signed acknowledgments.
3  If at any time the designating party has reason to believe that CONFIDENTIAL or
4  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY information has been
5  disclosed in violation of this Protective Order, it may move this Court to obtain
6  copies of the signed acknowledgments, which motion may be granted upon good
7  cause shown.  Nothing herein shall require the parties to identify their designated
8  expert witnesses before the time otherwise set for such identification.

9       4.7   Nothing herein shall prohibit a party, or his or its counsel, from
10  disclosing a document that contains Confidential Information or Highly
11  Confidential Information to the person whom the document identifies as an author,
12  addressee, or recipient of such document.

**5.   CHALLENGING A DESIGNATION**

13       5.1   A party which disputes the propriety of a designation as
14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES
15  ONLY" shall challenge such designation within a reasonable time after the
16  materials are so designated.  In the event that a party challenges such designation,
17  the party shall provide written notice to the designating party of its disagreement
18  with the designation.  The parties shall first attempt to resolve the dispute in good
19  faith and shall employ the procedures of Local Rules 37-1 through 37-4 to resolve
20  that dispute.  If the dispute cannot be resolved, the party challenging the designation
21  may apply to the Court for a ruling concerning the status of such material, and,
22  pending such application, opposition by the designating party, and ruling by the
23  Court, the receiving party shall treat such material as CONFIDENTIAL or
24  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY information, as
25  appropriate, under this Order.  If such application is not filed, the material in
26  question shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—
27  ATTORNEYS' EYES ONLY information hereunder.  Upon any hearing, the

*(handwritten margin note: but such motion shall not be made until the parties have met and conferred and attempted to informally resolve the dispute in accordance with applicable Central District Local Rules.)*

1 burden of proving that material has been properly designated as
2 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES
3 ONLY" is on the party making such designation. ~~Nothing herein shall preclude a~~
4 ~~party from filing an ex parte application for relief under appropriate circumstances.~~

5     5.2    For documents that any party might wish to file with the Court under
6 seal, that party shall employ the procedures of Local Rule 79-5.1 and comply with
7 the requirements of Section 9, infra.

8     5.3    No party shall be obliged to challenge the propriety of a
9 CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY
10 designation, and a failure to do so shall not preclude a subsequent attack on the
11 propriety of such designation.

12 **6.**   **INADVERTENT FAILURE TO DESIGNATE**

13     6.1    The inadvertent failure to designate confidential information as
14 CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY
15 prior to or at the time of disclosure shall not operate as a waiver of a party's right to
16 designate such information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—
17 ATTORNEYS' EYES ONLY upon later discovery of a good faith basis for doing
18 so. The disclosing party may designate confidential information as
19 CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY
20 subsequent to the time of disclosure by giving written notice of such late
21 designation and the basis for the designation to all parties as soon as practicable
22 after discovering it, subject to the other party challenging such late designation if it
23 will materially prejudice the challenging party in the making or opposing of any
24 dispositive motion, or in trial preparation.

25     6.2    In the event that confidential information is designated as
26 CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY
27 after disclosure under Paragraph 6.1, supra, the receiving party shall employ
28 reasonable efforts to ensure that all previously disclosed information is

1   subsequently treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—
2   ATTORNEYS' EYES ONLY, as appropriate, pursuant to the terms of this
3   Protective Order.

4        6.3    Should any document or information designated as CONFIDENTIAL
5   or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY be disclosed,
6   through inadvertence or otherwise, to any person or party not authorized to see such
7   materials under this Protective Order, then the disclosing party or third party shall
8   use its best efforts to bind such person to the terms of this Protective Order, and the
9   disclosing party shall:  (a) promptly inform such person of all the provisions of this
10  Protective Order, (b) request that such person sign the COMPLIANCE
11  AGREEMENT, attached hereto as EXHIBIT A, and (c) use its best efforts to
12  retrieve all copies of the designated information.  The parties shall discuss, in good
13  faith, any other procedures that may be necessary for the recovery and protection of
14  the designated information.  The executed COMPLIANCE AGREEMENT shall
15  then promptly be served upon the party that designated the document or
16  information.

17  **7.**    **CUSTODY AND DISPOSITION OF DESIGNATED CONFIDENTIAL**
18  **INFORMATION**

19       7.1    Information designated CONFIDENTIAL or HIGHLY
20  CONFIDENTIAL—ATTORNEYS' EYES ONLY shall be maintained in the
21  custody of counsel for the parties, including in-house counsel, except for
22  information in the custody of: (a) the Court; (b) any court reporter transcribing
23  testimony given in this action, for the limited purpose of rendering his or her
24  normal transcribing services; and (c) consultants entitled to see such information
25  under the terms of this Protective Order, to the extent necessary for their study,
26  analysis, and preparation of the case.  Except for the Court, a person with custody
27  of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL—
28  ATTORNEYS' EYES ONLY shall maintain it in a manner that limits access to it to

DREIER STEIN
KAHAN
BROWNE
WOODS
GEORGE LLP

12

[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

1   only those persons entitled under this Protective Order to examine it. Counsel may

2   furnish information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL—

3   ATTORNEYS' EYES ONLY in written format to persons authorized under this

4   Protective Order to receive it.

5       7.2    Unless counsel agree otherwise in writing, at the conclusion of this

6   litigation (meaning the final non-appealable judgment of the case as to all parties,

7   whether or not they were a party at the time of this Stipulated Protective Order,

8   whether by settlement or final decision of the Court), the parties, counsel for the

9   parties, and all persons who executed the COMPLIANCE AGREEMENT agree

10  that they will, within sixty (60) days, destroy or return to the producing party or

11  third party all copies of any documents, other than attorney work product,

12  containing designated Confidential Information or Highly Confidential Information

13  produced by a party or third party. By the sixty-day deadline, upon request of a

14  producing party, receiving parties and counsel for receiving parties must submit a

15  written certification to the party(ies) that produced or designated Confidential

16  Information or Highly Confidential Information affirming that the receiving party

17  has not retained any copies, abstracts, compilations, summaries or other forms of

18  any such information. The party requesting that its information be destroyed or

19  returned under this provision shall pay the receiving party in advance its reasonable

20  costs for destroying or returning the information to the producing party.

21      Notwithstanding the foregoing, counsel of record shall be permitted to retain

22  a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition

23  exhibits, and document productions and databases. Nothing in this paragraph shall

24  be construed to require any party to return or destroy work product or attorney

25  client privileged communications, whether from or to outside or in-house counsel.

26  Such file copies must be maintained under the conditions of maintaining

27  CONFIDENTIAL and HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

28  ONLY documents as set forth in Paragraph 7.1, supra.

DREIER STEIN
KAHAN
BROWNE
WOODS
GEORGE LLP

[PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

## 8.   **MISCELLANEOUS PROVISIONS**

8.1   The provisions of this Protective Order apply to all pretrial discovery proceedings in this action.

8.2   A designation of confidentiality pursuant to this Protective Order shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention Confidential Information or Highly Confidential Information shall come unless and until otherwise ordered by the Court or stipulated by all parties to this action.   These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the parties to this action stipulate that designated Confidential Information or Highly Confidential Information can be disclosed.

8.3   By entering into this Protective Order, no party or third party waives any objections it might have to the production of documents covered by this Protective Order.

8.4   No party to this action, by entering into this Protective Order, by designating certain information as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or by acquiescing in any other party's such designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or other confidential research, development, or commercial information.

8.5   The Court retains jurisdiction during the pendency of this action to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to the Protective Order the Court may from time to time deem appropriate.  The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed confidential information.

14   [PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION

*and this order does not govern the use of documents at trial*

8.6    Nothing contained herein shall restrict any party from introducing designated Confidential Information or Highly Confidential Information as evidence at trial. If a party plans to use such information at trial, any party may ask the Court to take appropriate measures in order to maintain the continued confidentiality of such information.

*district judge, on an appropriate showing,*

## 9.    FILING OR LODGING UNDER SEAL

9.1    The designation of documents as Confidential or Highly Confidential does not entitle the designating party to have those documents filed under seal.

9.2    If any party or third party seeks to file or lodge with the Court any documents or things that contain designated Confidential Information or Highly Confidential Information, such materials shall be submitted to the Court in accordance with the procedures set forth in C.D. Cal. Local Rule 79-5.1 for filing documents under seal. Where one party or third party wishes to file or lodge any documents or things with the Court under seal, the other party or parties shall not unreasonably withhold agreement to such filing or lodging under seal. If such agreement is provided, the parties shall submit to the Court a stipulated application and proposed order for such filing or lodging under seal. If no such agreement is provided, then the filing or lodging party or third party shall submit an application and proposed order to the Court pursuant to C.D. Cal. Local Rule 79-5.1. Any application, including a stipulated application, to file or lodge documents or things under seal shall comply with Local Rule 79-5, shall seek to file under seal only those portions of the documents or things that are confidential, and shall be supported by the appropriate showing. In addition, a party seeking to file or lodge documents or things under seal shall file a redacted copy of the documents or things in the public record.

*in proceedings before the district judge, the application shall be made to the district judge.*

## 10.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS

If a party, through inadvertence, produces any discovery material that it believes is immune from discovery pursuant to the attorney-client privilege or work

DREIER STEIN
KAHAN
BROWNE
WOODS
GEORGE LLP

1   product doctrine, such production shall not be deemed a waiver of any such
2   privilege, and the party that inadvertently produced such discovery materials may
3   give written notice to the receiving party that the discovery material produced is
4   deemed privileged and may request the return of said document or information.
5   Upon receipt of such written notice, the receiving party shall gather the original and
6   all copies of the discovery material, of which the receiving party is aware, and shall
7   as soon as practicable return the original and all such copies to the producing party.
8   The return of the discovery material shall not preclude the receiving party from
9   later moving the Court to compel production of the returned discovery material, and
10  notwithstanding the above, the receiving party may temporarily retain the document
11  at issue for the sole purpose of so moving the Court.  The receiving party shall not
12  use or rely upon any such discovery material for any other purpose until after the
13  resolution of any such motion by the Court.

14  **11.   <u>GOOD CAUSE STATEMENT</u>**

15          Pursuant to Fed. R. Civ. P. 26(c)(1)(G), and as further explained in paragraph
16  1.1 above, good cause exists for entry of this Protective Order because the parties to
17  this action:  (1) have sought and expect to seek in the future the discovery of certain
18  information in this action that is sensitive, private, and confidential, including, but
19  not limited to, information concerning the amounts paid under and other terms in
20  confidential contracts entered into by the parties with third parties, and the financial
21  and other terms of contracts entered into by the parties that are competitively
22  sensitive and that would harm the parties if such terms were disclosed to their
23  competitors; (2) believe that unrestricted disclosure or dissemination of such
24  information will cause them some business, commercial, and privacy injury; (3)
25  desire an efficient and practicable means to designate such information as
26  confidential and thereby help ensure its continued protection against unwarranted
27  disclosure or dissemination; and (4) have agreed to such means as set forth herein.

28

DREIER STEIN
KAHAN
BROWNE
WOODS
GEORGE LLP

16          [PROPOSED] PROTECTIVE ORDER RE
                 CONFIDENTIAL INFORMATION

**12.    EFFECTIVE DATE**

This Stipulated Protective Order shall be effective as between the signatory parties immediately upon having been signed by all counsel.

Approved as to form by counsel as follows:

DATED: March 17, 2008           LAW OFFICES OF ALAN G. DOWLING

By
  Alan G. Dowling
  Attorneys for Plaintiff/Counterdefendant
  GEORGE SAADI

DATED: March ___, 2008          DREIER STEIN KAHAN BROWNE WOODS
                                GEORGE LLP

By
  Yakub Hazzard
  Attorneys for Defendant
  PEPSICO, INC.

DATED: March ___, 2008          COVINGTON & BURLING LLP

By
  Erin C. Smith
  Attorneys for Defendant/Counterclaimant
  YAHOO!, INC.

**IT IS SO ORDERED.**

DATED: ~~MARCH~~ *MAY* 8, 2008

HON. GEORGE P. SCHIAVELLI,
UNITED STATES DISTRICT JUDGE

17                [PROPOSED] PROTECTIVE ORDER RE
                  CONFIDENTIAL INFORMATION

## 12. **EFFECTIVE DATE**

This Stipulated Protective Order shall be effective as between the signatory parties immediately upon having been signed by all counsel.

Approved as to form by counsel as follows:

DATED: March __, 2008      LAW OFFICES OF ALAN G. DOWLING

By _____
     Alan G. Dowling
     Attorneys for Plaintiff/Counterdefendant
     GEORGE SAADI

DATED: March [4], 2008      DREIER STEIN KAHAN BROWNE WOODS GEORGE LLP

By _____
     Yakub Hazzard
     Attorneys for Defendant
     PEPSICO, INC.

DATED: March __, 2008      COVINGTON & BURLING LLP

By _____
     Erin C. Smith
     Attorneys for Defendant/Counterclaimant
     YAHOO!, INC.

**IT IS SO ORDERED.**

DATED: MARCH ___, 2008      _____
     HON. GEORGE P. SCHIAVELLI,
     UNITED STATES DISTRICT JUDGE

17      [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

## 12.   **EFFECTIVE DATE**

This Stipulated Protective Order shall be effective as between the signatory parties immediately upon having been signed by all counsel.

Approved as to form by counsel as follows:

DATED: March __, 2008          LAW OFFICES OF ALAN G. DOWLING

By_____
   Alan G. Dowling
   Attorneys for Plaintiff/Counterdefendant
   GEORGE SAADI

DATED: March __, 2008          DREIER STEIN KAHAN BROWNE WOODS
                               GEORGE LLP

By_____
   Yakub Hazzard
   Attorneys for Defendant
   PEPSICO, INC.

DATED: March 17, 2008          COVINGTON & BURLING LLP

By _Erin Smith_____
   Erin C. Smith
   Attorneys for Defendant/Counterclaimant
   YAHOO!, INC.

**IT IS SO ORDERED**.

DATED: MARCH ___, 2008          _____
                                HON. GEORGE P. SCHIAVELLI,
                                UNITED STATES DISTRICT JUDGE

DREIER STEIN
KAHAN
BROWNE
WOODS
GEORGE LLP

17          [PROPOSED] PROTECTIVE ORDER RE
            CONFIDENTIAL INFORMATION

## AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

### [Saadi v. Yahoo et al., USDC, CD CA, Case No. CV-07-3384 GPS (CTx)

I, _____, hereby affirm the following:

1.     My address is _____.
My telephone number is _____.

2.     I have read and I understand the STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION ("PROTECTIVE ORDER"), entered in this action, and I agree to be bound by its terms.

3.     I understand that this Protective Order requires me not to disclose any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY that is provided to me in the course of my involvement in this litigation to any person not authorized by this Protective Order to receive such information.

4.     I agree that I shall return all documents containing any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY that have been provided to me, together with any work product including such information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, upon demand by the Court or the counsel or party or third party who furnished such information to me.

5.     In addition, I consent to the jurisdiction of the United States District Court for the Central District of California, Western Division, with respect to any actions of any kind whatsoever relative to the enforcement of the Protective Order, recognizing that in doing so I subject myself to the full powers of that Court, including the power of imposing sanctions for contempt.

Executed on _____ (date) at _____ (city/state).

_____        _____
(printed name)                                        (signature)

DREIER STEIN
KAHAN
BROWNE
WOODS
GEORGE LLP

18        [PROPOSED] PROTECTIVE ORDER RE
CONFIDENTIAL INFORMATION